O'FARRELL v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department. December 28, 1897.)

OBJECTIONS TO EVIDENCE.

Plaintiff offered evidence that the misstatement in an application for insurance was made by the company's agent, which evidence was excluded, on the ground that the policy provided that the person making out the application was to be considered agent of insured, and the complaint dismissed. *Held*, that, after the ruling has been reversed, defendant, on motion for rehearing, cannot raise the question that the conversation with the deceased, offered by plaintiff in evidence, was with the insurance solicitor, and not with the physician; the offer of plaintiff being broad enough to cover all agents.

On rehearing. Denied.
For former opinion, see 48 N. Y. Supp. 199.

PER CURIAM. The record is insufficient to raise the question discussed by the respondent on this motion. The evidence on behalf of the plaintiff tended to show that the deceased gave the defendant's agent true information concerning his brothers and sisters, and

the causes of their death. When the question was propounded to the witness, the defendant objected, on the ground that the terms of the policy provided that the person writing the application should be considered the agent of the insured, and not of the company, and that, therefore, the company was not bound by the errors or misconduct of the agent. This objection was sustained by the court. No objection was made that the conversation sought to be proved occurred between the insurance solicitor and the deceased, and not between the deceased and the physician. The offer made by the plaintiff was broad enough to include all agents of the company, whether solicitor or physician; and the ruling of the court proceeded on the sole ground that, under the terms of the policy, the plaintiff was liable for the fault of the company's agent.

The motion for reargument should be denied.